OPINION *Page 2 
{¶ 1} On April 2, 2007, appellant, Leon Reynolds, was charged with one count of forgery in violation of R.C. 2913.31. On September 27, 2007, appellant began serving a six month prison term on an unrelated case. On October 20, 2007, appellant submitted a request for final disposition of the forgery charge with his warden pursuant to R.C. 2941.401. On October 31, 2007, the Ohio Department of Rehabilitation and Correction sent a memorandum to the Canton Police Department, asking them if appellant had any outstanding warrants.
 {¶ 2} On January 17, 2008, appellant filed a "Notice of Availability" with the Canton Municipal Court, stating he was available for final adjudication on any pending charges. On January 18, 2008, the city prosecutor filed a motion to strike the notice. By judgment entry filed January 24, 2008, the Canton Municipal Court granted the motion, finding appellant failed to comply with the requirements of R.C. 2941.401.
 {¶ 3} Appellant was released from prison in February of 2008. On March 10, 2008, the Stark County Grand Jury indicted appellant on the forgery count. On May 8, 2008, appellant filed a motion to dismiss the indictment pursuant to R.C. 2941.401. By judgment entry filed May 12, 2008, the trial court denied the motion. On same date, appellant pled no contest to the charge. By judgment entry filed May 21, 2008, the trial court found appellant guilty. By judgment entry filed July 15, 2008, the trial court sentenced appellant to four years of community control.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR FAILURE TO BRING THE MATTER TO TRIAL WITHIN 180 DAYS OF THE DATE HE CAUSED A NOTICE OF AVAILABILITY AND REQUEST FOR FINAL DISPOSITION TO BE SERVED UPON THE WARDEN AND STATE OF OHIO."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to dismiss for failing to comply with R.C. 2941.401. We disagree.
 {¶ 7} R.C. 2941.401 governs request by a prisoner for trial on pending charges and states the following:
 {¶ 8} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time *Page 4 
earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 {¶ 9} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 10} "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
 {¶ 11} "***
 {¶ 12} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 13} Appellant argues his one hundred eighty days started when he sent his request for final disposition of the forgery charge to his warden on October 20, 2007. It is undisputed that appellant's "Notice of Availability" was not submitted to the Canton Municipal Court until January 17, 2008.
 {¶ 14} In his motion to dismiss, appellant argued the notice to the warden was sufficient to commence the one hundred eighty day rule. The notice referenced the forgery charge, and stated the following: *Page 5 
 {¶ 15} "Warden I would like to resolve this matter in a fast and speed (sic) trial. Currently I have 6 months from Cuyahoga County for a (sic) unauthorize (sic) use of a motor vehicle and 145 days concurrent. With that is a violation from the adult parole.
 {¶ 16} "Warden can you please help me to resolve this situation by contacting the necassary (sic) parties and inform them of my availability to have this matter resolved, and disposition of pending charges." See, Letter to Warden, attached to Appellant's May 8, 2008 Motion to Dismiss as Exhibit C.
 {¶ 17} Appellant's "Notice of Availability," attached to his motion to dismiss as Exhibit D, purports to have been attested to on November 27, 2007, but was not file stamped with the Canton Municipal Court until January 17, 2008. The city prosecutor then filed a motion to strike the notice which was granted by the Canton Municipal Court (Case Nos. 07CRA01283 and 07CRB01093). No appeal was taken from this decision.
 {¶ 18} Appellee argues the Canton Municipal Court's decision was a final appealable order. We disagree. To be final and appealable, an order must comply with R.C. 2505.02. Subsection (B) states the following in pertinent part:
 {¶ 19} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 20} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 21} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 22} "(3) An order that vacates or sets aside a judgment or grants a new trial; *Page 6 
 {¶ 23} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 24} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 25} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 26} The decision of the Canton Municipal Court does not fall within this statute. Appellee also challenges the status of the record before us. No evidentiary hearing was held on the motion to dismiss; therefore, the record sub judice is limited to the exhibits attached to appellant's motion.
 {¶ 27} We find, even if the notice to the warden would meet the evidentiary requirement of Evid. R. 901(A), the notice requesting help was insufficient to invoke the commencement of the one hundred eighty day rule.
 {¶ 28} The Canton Municipal Court and the city prosecutor, as noted by the prosecutor's request to strike the "Notice of Availability," were not placed on notice of appellant's invocation of R.C. 2941.401 until January 17, 2008, at the earliest. If the "Notice of Availability" was sufficient to trigger the one hundred eighty days, the last day, calculated from January 17, 2008, would have been July 16, 2008. Appellant pled no contest on May 12, 2008, within one hundred eighty days of the notice; therefore, the motion to dismiss was inappropriate. *Page 7 
 {¶ 29} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.
 {¶ 30} The sole assignment of error is denied.
 {¶ 31} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. Wise, J. concur and Hoffman, J. dissents. *Page 8